WENTWORTH, Judge,
dissenting.
I would affirm the department’s order because, without regard to factual issues, it correctly rejected the hearing officer’s conclusions of law: (1) that the department “lacks the authority to look behind the determinations ... of the private physicians” and “may not deny [ACLF license] applications based upon any disagreement with the conclusions of ... residents’ physicians” under § 440.426, Florida Statutes, and (2) that “it is the definition of professional nursing which is significant” in applying the prohibition in § 440.402, Florida Statutes, 1980 Supp., against an ACLF providing “nursing ... services by the staff of the facility.”
Section 464.003 contains definitions of both the “practice of professional nursing,” and the “practice of practical nursing,” and § 440.021(8) defines the prohibited “nursing service” as all service “rendered ... by individuals as defined in Section 464.021.”
The contrary conclusions detailed in the department’s final order[1] appear to me to be well within its assigned responsibilities. Accepting the relevant facts to be as found by the hearing officer, the department’s *946 denial of a license should in my opinion be sustained because services actually rendered by the facility in question were beyond those permitted by the statutory restrictions as administratively construed. Certainly the licensing function has not been legislatively vested in the private physicians for any specific residents, whose opinions in this case were not, in any event, measured with respect to any legally prescribed standards for services actually rendered. When properly evaluated, the testimony as a whole supports the department’s conclusion [2] that many services rendered were beyond the limits permitted for the facility, however well suited to the emotional or other needs of the patients in question.
I would affirm.

. It is the responsibility of HRS to license such facilities. §§ 400.404 and 400.407, Florida Statutes (1981). Such a facility shall not provide nursing services by the staff of the facility. § 400.402, Florida Statutes (1981). In order to insure compliance with this requirement, HRS has been given the right to enter and inspect the facilities. § 400.434, Florida Statutes (1981). If during such an inspection, any resident appears to need nursing care, the Department must request that a physician or nurse examine the resident to determine if the resident is appropriately placed. § 400.426, Florida Statutes (1981). The legislative history of § 400.426 establishes that these determinations as to placement by a physician or nurse are not binding on the Department .... Doctors Bar-oco and Yonehiro were both unfamiliar with the law pertaining to adult congregate living facilities and to nursing. Also, they had no knowledge as to the actual care and services being provided to Ms. Alto and Ms. Smith in the Mitchell facility.

. As examples, merely illustrative of the character of services rendered by the staff in question, the hearing officer found that one patient’s physician “prescribed thorazine on an as-needed basis.” The hearing officer found that patient had numerous limitations including: “has dysarthria, meaning that she has trouble speaking ... has right hemiplegia or partial paralysis .. . elects to confine herself to her bed a substantial period of time.” Another patient, admitted after four months’ hospitalization and awaiting amputation surgery, was receiving wound care for gangrenous ulcers on her feet and “had prescribed darvocit and dal-mane on an as-needed basis ... requiring a determination by the staff ... of the need for medication." (e.s.) Both patients were unable to walk and were, in fact, physically moved to and from their beds and wheelchairs. The detailed statutory definition of supervision of self-administered medication notably omits the critical function of “determination by the staff ... of the need for medication,” and the authorization for “assistance with .. . ambulation” as non-nursing personal service again notably omits the moving of non-ambulatory patients involved in this case. Section 400.402(8) and (11), Florida Statutes.